HUNTER, *County Treasurer*, v. HOOPER.

No. 3466.   Opinion Filed April 15, 1913.

Rehearing Denied June 3, 1913.

(132. Pac. 490.)

TAXATION—Indians—Surplus Lands. Subsection 7 of section 2, and section 5 of Act of Congress June 28, 1906 (34 St. at L. 542, 544, c. 3572), held to make the surplus lands of a citizen of the Osage Nation, exclusive of minerals thereunder, taxable after the expiration of three years from the approval of the act whether certificate of competency is issued or not, following United States v. Board of Commissioners of Osage County et al. (C. C.) 193 Fed. 485.

(Syllabus by the Court.)

*Error from District Court, Osage County;*
*R. H. Hudson, Judge.*

Action by Sallie Hooper against J. A. Hunter, Treasurer of Osage County. Judgment for plaintiff, and defendant brings error. Reversed.

*C. K. Templeton,* Co. Atty., and *Chas. West,* Atty. Gen. (*Chas L. Moore,* Asst. Atty. Gen., of counsel), for plaintiff in error.

*R. B. Boone* and *Leahy & MacDonald,* for defendant in error.

TURNER, J., From a judgment of the district court of Osage county, rendered and entered July 3, 1911, perpetually enjoining John A. Hunter, treasurer of Osage county, plaintiff in error, from advertising for sale for the payment of taxes assessed against certain lands for the year 1910, the same being the surplus allotment of Sallie Hooper, a citizen of the Osage Nation, the defendant, said Hunter, brings the case here.

The question to be determined is whether the "surplus lands" of a member of the Osage tribe of Indians, who has not received a certificate of competency, are taxable at the end of three years from Act of Congress June 28, 1906 (34 St. at L. 539, c. 3572). Having received her allotment thereunder, the question turns upon a proper construction of subsection 7 of section 2 of said act, which reads:

"That the Secretary of the Interior, in his discretion, at the request and upon the petition of any adult member of the tribe, may issue to such member a certificate of competency, authorizing him to sell and convey any of the lands deeded him by reason of this act, except his homestead, which shall remain inalienable and nontaxable for a period of twenty-five years, or during the life of the homestead allottee, if upon investigation, consideration, and examination of the request he shall find any such member fully competent and capable of transacting his or her own business and caring for his or her own individual affairs: Provided, that upon the issuance of such certificate of competency the lands of such member (except his or her homestead) shall become subject to taxation, and such member, except as herein . provided, shall have the right to manage, control, and dispose of his or her lands the same as any citizen of the United States: Provided, that the surplus lands shall be non-taxable for the period of three years from the approval of this act, except where certifi-

cates of competency are issued or in case of the death of the allottee, unless otherwise provided by Congress: And provided further, that nothing herein shall authorize the sale of the oil, gas, coal, or other minerals covered by said lands, said minerals being reserved to the use of the tribe for a period of twenty-five years, and the royalty to be paid to said tribe as hereinafter provided: And provided further, that the oil, gas, coal, and other minerals upon said allotted lands shall become the property of the individual owner of said land at the expiration of said twenty-five years, unless otherwise provided for by act of Congress."

And upon section 5, which reads:

"That at the expiration of the period of twenty-five years from and after the first day of January, nineteen hundred and seven, the lands, mineral interests, and moneys, herein provided for and held in trust by the United States shall be the absolute property of the individual members of the Osage tribe, according to roll herein provided for, or their heirs, as herein provided, and deeds to said lands shall be issued to said members, or their heirs, as herein provided, * * * and said members shall have full control of said lands, moneys, and mineral interests, except as hereinbefore provided."

This question was passed on by the Circuit Court for the Western District of Oklahoma December 26, 1911, in the case of *United States v. Board of County Commissioners of Osage County, Okla., et al.* (C. C.) 193 Fed. 485, where the court said:

"A different controversy is presented as to the taxes laid upon the surplus lands. For the defendants, the contention is that these lands become taxable, by the provisions of the act of 1906, after three years from the approval of the act, regardless of the issuance of the certificates of competency, or the survival of the allottees, and therefore the taxes in question for the year 1910 should be sustained. On the other hand, it is insisted that these lands, as declared by the act of 1906, are held in trust by the United States, and, by its provisions construed in the light of settled policy manifested in this and analogous legislation, they are effectively reserved from taxation. The conclusion has been reached by this court that, by subdivisions 4 and 7 of section 2 of the act of 1906 the surplus lands are alienable by the allottees thereof at the end of 25 years, or when certifi-

cates of competency are issued to them, and that they are taxable at the end of three years from the approval of the act, or on the issuance of such certificates, or at the death of the allottees."

Believing the opinion to be sound, we follow it.

The judgment of the trial court is reversed.

All the Justices concur.